

FILED
JUN 30 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JEFFREY B. JOHNSON,

    Petitioner,

v.                                         Civil Action No. 3:12CV465

ERIC D. WILSON,

    Respondent.

**MEMORANDUM OPINION**

Jeffrey B. Johnson, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition. (ECF No. 1.) The matter is before the Court for preliminary review. See Rule 4, Rules Governing § 2254 Cases in the U.S. District Courts ("Rules Governing § 2254 Cases") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not

---

[1] That statute provides, in pertinent part:

    **(c)** The writ of habeas corpus shall not extend to a prisoner unless—
        **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
        **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
        **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[2]

## I. INTRODUCTION

In his § 2241 Petition, Johnson challenges his convictions and sentence imposed by the United States District Court for the Western District of Virginia ("Sentencing Court").[3] Johnson requests relief based on the Supreme Court's recent decision in DePierre v United States, 131 S. Ct. 2225 (2011).[4] Specifically, Johnson summarizes his argument as follows:

> Petitioner Johnson's indictment is unconstitutionally defective for failing to specify that, the offense involved at least 50 grams or more of a quantity of a mixture or substance described in § 841(b)(1)(A)(iii), violating his due process rights; and the government's failure to prove that Johnson was involved with at least 50 grams or more of a quantity

---

[2] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; see Aguayo v. Harvey, 476 F.3d 971, 976 (D.C. Cir. 2007).

[3] The Sentencing Court convicted Johnson of, inter alia, "[c]onspiracy to possess with intent to distribute a quantity of a mixture or substance containing cocaine and cocaine base, and possession with intent to distribute a quantity of a mixture of a substance containing cocaine base." (§ 2241 Pet. ¶ 4); see United States v. Johnson, Nos. 95-5481, 95-5482, 1997 WL 56903, at *1 (4th Cir. Feb. 12, 1997). On May 1, 1995, the Sentencing Court sentenced Johnson to 360 months of imprisonment. (§ 2241 Pet. ¶ 3.)

[4] In DePierre, the Supreme Court concluded that the term "cocaine base," as used in 28 U.S.C. § 841(b)(1), refers not just to crack cocaine, but any cocaine in its chemically basic form. 131 S. Ct. at 2227-28.

2

> of a mixture or substance described in § 841
> (b)(1)(A)(iii) to the jury at trial resulted in
> insufficient evidence to support the conviction.
>    The outcome in this criminal case amounts to a
> miscarriage of justice, because it implicates the
> fundamental fairness and accuracy of the conviction.
> And compels that Johnson was convicted for a non-
> existent offense. That is, Johnson was convicted of a
> crime for which he was neither charged nor tried. As
> relevant here, no case law prior to De[P]ierre v.
> United States, _ U.S. _, 180 L. Ed.2d 114 (2011); and
> United States v. O'Brien, [560 U.S. 218] (2010),
> allowed vacature of the conviction. Accordingly,
> Petitioner Johnson may file a habeas petition under 28
> U. S. C. § 2241.

(Mem. Supp. § 2241 Pet. 28 (spacing corrected).)[5] As explained below, under certain circumstances an inmate can challenge his or her conviction pursuant to 28 U.S.C. § 2241. Nevertheless, Johnson fails to demonstrate that he can satisfy the controlling "inadequate and ineffective" test[6] in the United States Court of Appeals for the Fourth Circuit to utilize 28 U.S.C. § 2241 to challenge his conviction.

Additionally, Johnson has filed a Supplemental Pleading (ECF No. 9) contending that the Court incorrectly calculated his sentence. (Pet'r's Supp. Pleading 5 (as paginated by the

---

[5] In O'Brien, the Supreme Court held that under 18 U.S.C. § 924, the statute prohibiting the use or carrying of a firearm in relation to a violent or drug trafficking crime, possession of a machinegun "[was] an element to be proved to the jury beyond a reasonable doubt," not a "sentencing factor to be proved to the judge at sentencing." 560 U.S. at 221. Johnson is far from clear as to how O'Brien purportedly renders his drug-related offenses non-criminal.

[6] See page 5, supra.

3

Court's CM/ECF docketing system), ECF No. 9.) The relevant precedent from the Fourth Circuit, however, precludes an inmate from utilizing 28 U.S.C. § 2241 to challenge the propriety of a sentencing enhancement under the United States Sentencing Guidelines. Accordingly, as explained below, the action will be dismissed for want of jurisdiction.

## II. ANALYSIS

### A. Motions Under 28 U.S.C. § 2255 Compared To Petitions Under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (quoting Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990)). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." Felker v. Turpin, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an

4

order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[7]

A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[8] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Hanahan v. Luther, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an

---

[7] An inmate may not file a second or successive § 2255 motion, unless a panel of the appropriate Court of Appeals certifies that the motion contains:

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[8] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." Wilson v. Wilson, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting In re Jones, 226 F.3d 328, 333 (4th Cir. 2000)).

5

individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." Id. (internal citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." United States v. Poole, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," id., in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his [or her] own, [he or she] has no source of redress." Id. at 333 n.3 (emphasis added).

**B. Analysis Of Johnson's 28 U.S.C. § 2241 Petition**

Johnson fails to satisfy the second prong of In re Jones. See id. at 334. Specifically, Johnson fails to demonstrate that

6

"subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] was convicted is deemed not to be criminal." Id. (emphasis added).[9] The conduct of which Johnson stands convicted, conspiracy to possess with intent to distribute cocaine and cocaine base, and possession with intent to distribute cocaine base, remains a crime under DePierre and O'Brien. See Yates v. Bledsoe, 501 F. App'x 111, 114-15 (3d Cir. 2012) (refusing to permit § 2241 petition because the decisions in DePierre and O'Brien did not decriminalize an inmate's convictions related to cocaine base); Arnold v. Ask-Carlson, 494 F. App'x 424, 425 (5th Cir. 2012) (concluding that DePierre failed to decriminalize an inmate's conviction for cocaine base); Ford v. Keffer, 486 F. App'x 428, 429 (5th Cir. 2012) ("DePierre did not decriminalize . . . [the] criminal conduct" of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine.); Delgace v. Warden, FCC Coleman-Low, 484 F. App'x 307, 309 (11th Cir. 2012) (observing that O'Brien "concerns only a narrow provision within § 924(c), and does not apply to [a

---

[9] Johnson acknowledges his failure to satisfy the second prong of In re Jones. (Mem. Supp. § 2241 Pet. 23 ("[A]lthough De[P]ierre does not establish that Johnson has been convicted of conduct that was not a crime, it clarified the applicability of the aggravated drug offense (mandatory minimum) convictions in the 21 U.S.C. §841(b) and therefore constitutes a rule of substantive criminal law.")

7

petitioner's] conviction for a 21 U.S.C. § 841 offense"); Fields v. Warden, FCC Coleman-USP 1, 484 F. App'x 425, 426-27 (11th Cir. 2012). Because Johnson fails to demonstrate that either DePierre or O'Brien decriminalized the conduct of which he stands convicted, he cannot proceed by 28 U.S.C. § 2241.

In his Supplemental Pleading, Johnson argues that the Sentencing Court improperly relied upon a 1994 state conviction for possession of marijuana in calculating Johnson's sentence. (Supplemental Pleading 3-5 (as paginated by the Court's CM/ECF docketing system).) "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." Poole, 531 F.3d at 267 n.7 (citing In re Jones, 226 F.3d at 333-34). Indeed, the Fourth Circuit has specifically refused to allow petitioners to utilize § 2241 to challenge only their sentences. See Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011) ("[O]ur cases have confined the § 2255 savings clause to instances of actual innocence of the underlying offense of conviction . . . ."); Little v. Hamidullah, 177 F. App'x 375, 375-76 (4th Cir. 2006) (affirming district court's determination that a federal prisoner could not utilize § 2241 to pursue a "claim[ ] that he was 'actually innocent' of being a career offender"); Boynes v. Berkebile, No. 5:10-cv-00939, 2012 WL 1569563, at *6 (S.D. W. Va. May 1, 2012) ("[T]he Fourth Circuit has not broadened the

8

parameters of the analysis of the savings clause in <u>Jones</u> to encompass a challenge to a sentence based on a sentenc[ing] guideline enhancement or a claim of 'actual innocence' of a sentenc[ing] guideline enhancement."). Accordingly, the action will be dismissed for lack of jurisdiction.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Johnson.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: June 30, 2014